IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| SABRINA CROMRATIE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:17CV207 |
| | ) | |
| CAROLINA DENTAL ARTS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

This employment discrimination action comes before the Court on a Motion to Dismiss [Doc. #25] filed by Defendants Carolina Dental Arts and Christy Baldwin pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff Sabrina Cromratie ("Plaintiff"), proceeding *pro se*, has not responded to Defendants' motion. For the reasons set out below, the Court recommends that Defendant's Motion to Dismiss be granted, and that this action be dismissed.

I.      FACTS, CLAIMS, AND PROCEDURAL HISTORY

On March 13, 2017, Plaintiff commenced this employment discrimination action against her former employer, Defendant Carolina Dental Arts, as well as her supervisor, Defendant Christy Baldwin, alleging that Defendants discriminated against her in violation of Title VII of the Civil Rights Act of 1964, as amended. Plaintiff attached to her Complaint the Charge of Discrimination that she filed with the Equal Employment Opportunity Commission ("EEOC") on August 22, 2016 [Doc. #1-1] and the EEOC's Dismissal and Notice of Rights letter ("Right to Sue Letter"), mailed to Plaintiff on November 18, 2016 [Doc. #1-2].

Liberally construed, and reading Plaintiff's Complaint and attachments together, Plaintiff claims discriminatory failure to promote, retaliation, race-based discrimination, hostile work environment, and harassment in connection with her employment with Defendant Carolina Dental Arts from August 2014 to August 2016 as a dental assistant. (Compl. [Doc. #1] at 1). Defendants filed an Answer denying the allegations and subsequently filed the instant Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), contending that Plaintiff fails to state a claim upon which relief can be granted and that all claims should be dismissed for two reasons. First, Defendants contend that Plaintiff's claims are time-barred because Plaintiff failed to timely file her Complaint after receiving the Right to Sue Letter from the EEOC. Second, Defendants argue that they are not "employers" within the ambit of Title VII and thus all claims as against them should be dismissed (Def.'s Br. [Doc #26].) Plaintiff did not file any response to Defendant's Motion to Dismiss.

II.     DISCUSSION

As an initial matter, the Court notes that Plaintiff's failure to respond to Defendant's Motion to Dismiss is grounds upon which to dismiss the instant action. Under Local Rule 7.3(k), "[i]f a respondent fails to file a response within the time required by this rule, the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice." Defendants filed the instant motion on September 11, 2017. The Court provided Notice [Doc. #27] to Plaintiff of her right to respond to the Motion to Dismiss, and specifically warned her that a failure to respond to Defendants' motion would likely result in dismissal of Plaintiff's case. However, Plaintiff failed to file a response in

2

opposition. Therefore, the Motion to Dismiss should be granted in light of Plaintiff's failure to file any response.

Moreover, the Court has reviewed the substance of the Motion to Dismiss and concludes that Plaintiff's claims are subject to dismissal as time-barred. Section 2000e-5 of Title VII requires that a Plaintiff filing under Title VII file suit within 90 days of receiving a notice of the right to sue from the EEOC. 42 U.S.C. § 2000e-5(f)(1). A plaintiff's failure to timely file suit is not a jurisdictional defect but is appropriately raised as an affirmative defense. Stewart v. Johnson, 125 F. Supp. 3d 554, 559 (M.D.N.C. 2015). While affirmative defenses ordinarily cannot be raised on a motion to dismiss, a defendant may properly raise an affirmative defense of untimeliness, such as statute of limitations, through Rule 12(b)(6) when the facts supporting the defense plainly appear on the face of the Complaint. See Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007); Turner v. Afro-American Newspaper Co., 572 F. Supp. 2d 71, 73 (D.D.C. 2008).

In this case, based on the facts appearing in the Complaint and the incorporated attachments, Plaintiff did not file the instant action within the time period permitted under Title VII. Plaintiff attached to her Complaint the Right to Sue Letter that the EEOC dated as mailed on November 18, 2016. The date of receipt of a right to sue letter triggers the 90-day time period within which a plaintiff must file. Darden v. Cardinal Travel Ctr., 493 F.Supp.2d 773, 775 (W.D. Va. 2007). Where a plaintiff does not allege a date of receipt, the Court presumes the letter was received within three days of its mailing. Id. at 776 (citing Ish v. Arlington County, Va., No. 90-2433, 1990 WL 280127, at *2 (4th Cir. Nov. 21, 1990) (unpublished)). Here, Plaintiff presumptively received her Right to Sue Letter on November

21, 2016, and the time period within which Plaintiff was required to file began to run. Her filing of this Title VII action 112 days later, on March 13, 2017, was outside of the 90-day period and was untimely. Thus, it appears from the face of Plaintiff's Complaint and the attached Right to Sue Letter that the instant action was untimely filed. Plaintiff has not filed any type of response disputing these dates or setting out a basis for equitable tolling. Therefore, this action should be dismissed as time-barred.[1]

III. CONCLUSION

IT IS THEREFORE RECOMMENDED that Defendant's Motion to Dismiss [Doc. #25] be granted and that this action be dismissed with prejudice.

This, the 1st day of November, 2017.

/s/ Joi Elizabeth Peake
United States Magistrate Judge

---

[1] The Court also notes that Plaintiff names Christy Baldwin, Plaintiff's former supervisor, as a Defendant in this case. However, Fourth Circuit precedent makes clear that individual supervisors are not proper defendants in an employment discrimination claim filed pursuant to Title VII. "Congress only intended employers to be liable for Title VII violations [,and] individual liability would improperly expand the remedial scheme crafted by Congress." Lissau v. Southern Food Serv., Inc., 159 F.3d 177, 181 (4th Cir. 1998). Thus, "supervisors are not liable in their individual capacities" under Title VII. Id. Because Defendant Baldwin cannot be held liable in her individual capacity for an alleged Title VII violation, Plaintiff cannot state a claim upon which relief may be granted against Defendant Baldwin, and Baldwin's dismissal as a Defendant in this case is warranted under Rule 12(b)(6). Defendant Carolina Dental Arts also contends that it is does not have a sufficient number of employees to fall under the Title VII definition of "employer" and thus is not amenable to suit in this case. As to this contention, Plaintiff's EEOC charge alleges that Defendant Carolina Dental Arts has 101-200 employees, and therefore this issue does not appear to be appropriate for resolution on a Motion under Rule 12(b)(6). Nevertheless, in light of the other grounds for dismissal discussed above, the Court need not reach that issue.